# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| BRIAN E. CRAIG, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 4:12-CV-1440-NAB |
| ) | |
| FULTON STATE HOSPITAL, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon petitioner Brian E. Craig's application for leave to commence this action without payment of the required filing fee [Doc. #2]. Upon consideration of the financial information provided with the application, the Court finds that petitioner is financially unable to pay any portion of the filing fee.

Petitioner, a resident at the Fulton State Hospital, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Having reviewed the petition, the Court will order petitioner to show cause as to why the Court should not dismiss the instant petition as time-barred under 28 U.S.C. § 2244(d)(1).

## The Petition

Petitioner states that on July 14, 2004, after entering a plea of guilty, he was sentenced in Scotland County, Missouri, to seven years' imprisonment and five years of probation. The Missouri Court of Appeals affirmed the conviction in September 2005. Other than the direct appeal, petitioner did not file any petitions, applications, or motions concerning his conviction. In the instant action, petitioner challenges the sufficiency of the evidence at trial, as well as jury instruction number 7. In addition, petitioner states that there is "[e]vidence [he] was home on [the] phone. Phone bill, witnesses."

## Discussion

Both 28 U.S.C. § 2243 and Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provide that a district court may summarily dismiss a petition for a writ of habeas corpus if it plainly appears that the petitioner is not entitled to relief.

A review of the instant petition indicates that this action is time-barred under 28 U.S.C. § 2244(d)(1)[1] and is subject to summary dismissal. Petitioner's conviction and sentence were affirmed on direct appeal in 2005; however, the

---

[1] Section 101 of the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (enacted on April 24, 1996), amended 28 U.S.C. § 2244 by adding a one-year limitations period to petitions for writs of habeas corpus.

2

instant application for federal habeas corpus relief was not signed until August 1, 2012, well after the running of the one-year limitations period.

Petitioner states that this action is untimely due to his "education," and the fact that he does not "understand the law and didn't know how to go about getting it reopen [sic] up." Petitioner's claims are insufficient to equitably toll the limitations period in this case. Because petitioner has not advanced an explanation that would warrant tolling of the one-year statute of limitations, the Court will order him to show cause within thirty days of the date of this Order as to why this matter should not be dismissed as untimely. Petitioner is warned that if he does not respond to this Order by the deadline set forth below, this action will be dismissed without further notice to him.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that petitioner's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED.**

**IT IS FURTHER ORDERED** that no order to show cause shall issue at this time as to respondent, because the instant petition appears to be time-barred under 28 U.S.C. § 2244(d)(1).

**IT IS FURTHER ORDERED** that petitioner shall show cause within thirty (30) days of the date of this Order as to why the Court should not dismiss the instant

application for a writ of habeas corpus as time-barred.  Petitioner's failure to file a show cause response shall result in the denial of the instant habeas corpus petition and the dismissal of this action as time-barred.

Dated this 24th day of August, 2012.

/s/ Jean C. Hamilton
**UNITED STATES DISTRICT JUDGE**